## ALLEN et al. v. BROWN.†

(Court of Civil Appeals of Texas. Ft. Worth. March 30, 1912. Rehearing Denied May 11, 1912.)

1. JUDGMENT (§ 878*)—PAYMENT.

Where a judgment against A., B., and C. made C. secondarily liable, and he paid the judgment, he could recover from A. and B. the sums paid, though he obtained money from personal friends contributing for his sole benefit, and not for the benefit of A. and B.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1653–1655; Dec. Dig. § 878.*]

2. JUDGMENT (§ 535*)—PAYMENT.

Where a judgment against A., B., and C. included costs of the case, and made C. secondarily liable, C., making payments on the judgment, including costs, could recover the amount from A. and B., primarily liable.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 979; Dec. Dig. § 535.*]

Appeal from District Court, Clay County; P. A. Martin, Judge.

Action by R. J. Brown against W. H. Allen and another. From a judgment for plaintiff, defendants appeal. Affirmed.

R. E. Taylor and H. A. Allen, both of Henrietta, for appellants. Wantland & Parrish, of Henrietta, for appellee.

CONNER, C. J. This suit was instituted by appellee, R. J. Brown, upon a judgment rendered on the 27th day of May, 1905, in favor of W. L. King against W. H. Allen, H. Cozart and R. J. Brown for the sum of $2,000, with interest and costs of suit, with judgment over in appellee Brown's favor against Allen and Cozart for all such sums as Brown might be required to pay in satisfaction of the judgment. The trial resulted in a judgment in appellee's favor for the sum of $1,253, and Allen and Cozart have appealed.

[1] But two questions are presented for our consideration. It appears that, of the sums shown on the trial to have been paid by appellee upon the principal of the judgment, $476 were contributed by citizens of Clay county for the purpose of aiding Brown to discharge the judgment, and appellants contend that the judgment is excessive to this extent. The only evidence relating to this subject, as presented by appellants, is that of the appellee Brown, from which we quote from appellants' brief as follows: "You ask me if anybody else contributed to the

payment of this judgment. I will state the facts that there was a gentleman here in town got up a subscription list without my knowledge or consent, and raised a little money and donated it to me. It was a personal affair. I was at home sick. It was gotten up by my personal friends. I can give you pretty nearly the heading of the list. It said: 'We, the undersigned citizens, agree to give the amount set opposite our names to help R. J. Brown pay the unjust judgment rendered against him in the King case.'" The evident effect of the judgment in favor of King against Allen, Cozart, and Brown was, as between the defendants, to make Brown secondarily liable, and there is nothing in the record pointed out indicating that the contribution of the citizens was intended for the benefit of Allen and Cozart. On the contrary, the evidence is to the effect that it was intended solely for the benefit of Brown, and by the terms of the judgment Brown was entitled to recover all such sums as he was thereby required to pay, and which he in fact did pay, and it could be of no concern to Allen and Cozart from what source Brown secured the required funds.

[2] Appellants present but one further question. Of the payments by Brown upon the King judgment, the sum of $152.31 was paid by him as costs in the case, and appellants insist that for this reason appellee was not entitled to recover therefor. But we think this contention entirely baseless. The judgment in King's favor was for interest and costs, as well as for the principal sum, and authorized execution for a recovery of the costs, as well as for the principal sum.

No error as assigned appearing, it is ordered that the judgment be affirmed.